# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00273-CV

---

**M. P. Y., II, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 24DFAM348794., THE HONORABLE MIKE RUSSELL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

The clerk's record in this appeal was due for filing in this Court on April 30, 2025. On May 6, 2025, we notified appellant that no clerk's record had been filed due to his failure to pay or make arrangements to pay the trial clerk's fee for preparing the clerk's record. The notice requested that appellant make arrangements for the clerk's record and submit a status report regarding this appeal by May 16, 2025. Further, the notice advised appellant that his failure to comply with this request could result in the dismissal of the appeal for want of prosecution.

On May 9, 2025, appellant responded to our notice, asserting that he has "already caused the clerk's record to be submitted" in a related, interlocutory appeal, Cause No. 03-25-00253-CV, in which appellant appealed from the trial court's denial of his motion to recuse the presiding judge. Appellant asserts that the clerk's record for his interlocutory appeal "[c]ontains

all relevant pleadings and trial court filings leading up to the final judgment" and therefore "objects to any demand that he repurchase or re-request a clerk's record" for this appeal. Appellant is incorrect that the clerk's record for his interlocutory appeal from the trial court's denial of his motion to recuse contains all relevant pleadings for his appeal from the trial court's final order of termination. Although the clerk's record from appellant's interlocutory appeal contains the trial court's final order of termination, it contains ***none*** of the pleadings on which the trial was held, among other omitted necessary content. *See* Tex. R. App. P. 34.5(a). Nor has appellant obtained the other parties' agreement to use the clerk's record from Cause No. 03-25-00253-CV as the clerk's record for Cause No. 03-25-00273-CV. *See id.*

If a trial-court clerk fails to file the clerk's record due to an appellant's failure to pay or make arrangements to pay for the clerk's fee for preparing the record, the appellate court may dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs. Tex. R. App. P. 37.3(b). In this case, appellant has not established that he is entitled to proceed without payment of costs. *See* Tex. R. Civ. P. 145. Because appellant has failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, this appeal is dismissed for want of prosecution.

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Dismissed for Want of Prosecution

Filed: May 30, 2025

2